[Civ. No. 2586. Fifth Dist. July 30, 1976.]

FLOYD J. HARKNESS COMPANY, INC., Plaintiff and Appellant, v. GUSTAVO HABERMANN, Defendant and Respondent.

**COUNSEL**

Rowell, Lamberson, Thomas & Hiber, Lawrence E. Viau, Jr., and Timothy Born for Plaintiff and Appellant.

Irwin & Thuesen and Donald C. Thuesen for Defendant and Respondent.

## Opinion

BROWN (G. A.), P. J.—Plaintiff, a California corporation with principal place of business in Fresno County, appeals from an order granting the motion of defendant, Gustavo Habermann, to quash service of summons on the defendant. The summons was served in the country of Mexico.

The essential facts are not in substantial dispute. Any conflicts that may exist, however, are resolved in favor of the prevailing party and the trial court's order. (*Tiffany Records, Inc.* v. *M. B. Krupp Distributors, Inc.* (1969) 276 Cal.App.2d 610, 615 [81 Cal.Rptr. 320].)

From the affidavits filed in support of and in opposition to the motion, it appears that the defendant is a citizen and resident of the country of Mexico and that he is not authorized to nor has he conducted business in California. He has owned no property in California and has no agent here.

Pursuant to the terms of written contracts between the parties executed in the summers of 1971 and 1972, the defendant signed in Mexico and delivered to plaintiff's representative in Nogales, Arizona, 13 promissory notes. The amount due upon the notes is alleged to be $214,400.73 plus interest. These notes were payable to the plaintiff in Fresno, California. The complaint herein is for the alleged nonpayment of those promissory notes and upon the theory of an account stated in the same amount.

Except for the substitution of the defendant Habermann and appropriate changes in the amounts and number of advances and the number of promissory notes and the amounts due thereon, the terms of the promissory notes and of the underlying written contracts between the plaintiff and defendant were identical to those entered into between the plaintiff and one Eduardo Amezcua. Today we have filed our opinion in *Floyd J. Harkness Co.* v. *Amezcua, ante,* p. 687, [131 Cal.Rptr. 667]. The issues raised by these proceedings are identical to those raised in the *Amezcua* case, and the comments and conclusions therein are equally applicable to and dispositive of the issues herein.

It does appear there were present in the case at bench the following additional contacts and activities between the plaintiff California corporation and the defendant Habermann which were not present in the *Amezcua* case. These are:

(1) The negotiations for the first agreement executed in 1970, which was the predecessor to the agreements executed in 1971 and 1972, were commenced in Mexico between a representative of plaintiff and the defendant Habermann during 1968. Ninety-five percent of the negotiations occurred in Mexico or Arizona, and the defendant Habermann was physically present in California for approximately 5 percent of those negotiations in the summer of 1968. The first contract arising out of those negotiations was executed in the summer of 1970 for the 1970-1971 Mexican winter vegetable season. The contracts pursuant to which the promissory notes upon which the instant suit was commenced were executed in 1971 and 1972 and were not negotiated in California though in form they are the same as the 1970 agreement.

(2) In the summer of 1973 defendant Habermann was physically present in California and had conversations with plaintiff concerning repayment of the notes sued upon. While defendant was present in California he negotiated with another party for an agreement similar to the one with the plaintiff herein and subsequently entered into such an agreement.

We have concluded that these additional activities in California, which occurred only in part before the negotiations and execution of a predecessor contract to the current contracts pursuant to which the notes were executed and in part on dates subsequent to the due date of the notes upon which this suit is based, do not evidence purposeful activity by the defendant from which it can be inferred that he intended to conduct business in California, thus invoking the benefits and protections of its laws, and do not elevate the relationship with California to a constitutionally permissible level for the exercise of jurisdiction. (See *Belmont Industries, Inc.* v. *Superior Court* (1973) 31 Cal.App.3d 281, 284, fn. 2, 288, fn. 4 [107 Cal.Rptr. 237].)

The order is affirmed.

Gargano, J., and Franson, J., concurred.