**SHELBY INTERNATIONAL, INC., Appellant,**

v.

**Wade WIENER, Individually and d/b/a Texas Speed Distributors, Appellee.**

No. 17030.

Court of Civil Appeals of Texas, Houston (1st Dist.)

Feb. 2, 1978.

Ross, Banks, May, Cron & Cavin, John A. Cavin, Houston, for appellant.

Bresenhan, Martin & Wingate, Maurice Bresenhan, Jr., Houston, for appellee.

PEDEN, Justice.

Shelby International, a California corporation, brought this suit to enforce its California default judgment against Texas resident Wade Wiener based on process served in Texas. The Texas trial court concluded that Mr. Wiener's California contacts were insufficient to give courts of that state personal jurisdiction over him. Shelby disputes this and contends that several of the trial court's findings of fact and conclusions of law are against the great weight of the evidence.

We summarize the more important findings of fact made by the trial judge.

1. Shelby is a California corporation.

2. At all relevant times it had a warehouse and salesmen in Texas.

3. Shelby makes custom automobile wheels in California and sells them there and in other states.

5. At all relevant times Wiener's business was maintained and conducted in Texas.

6. Wiener has never had an office, telephone, bank account, directory listing, inventory, real property or personal property in California.

7. Wiener has never hired any employees, salesmen, agents, distributors or representatives in California.

8. He has never solicited any purchases or made any sales in California.

9. He was solicited in Texas by Shelby representatives to buy its products.

10. All purchases of Shelby's products by Wiener were made orally and placed in Texas, either with Shelby representatives in Texas or by using Shelby's WATS telephone line to Shelby's office in Texas or in California.

11. There was no agreed place of payment. It could be made to Shelby's representative in Texas or to its office in Texas or in California.

12. Shipments were from Shelby in Texas or California.

13. The method of shipment was Shelby's. Some freight was prepaid, some was not, and some was sent by Shelby's trucks.

16. Wiener has never been to California on matters related to the transactions in question.

17. Shelby took a default judgment against Wiener in Superior Court, Los Angeles County, California.

18. Jurisdiction was asserted by the court pursuant to California Code of Civil Procedure, § 410.10.

19. Wiener was cited with process pursuant to California C.C.P., § 415.40.

20. This court has been noticed under Rule 184a, Texas R.C.P. to take notice of California common law, statutes and court decisions.

We also summarize the conclusions of law made by the trial judge.

1. These conclusions are made pursuant to California law.

2. At all relevant times, there were no purposeful activities by Wiener from which it can be inferred that he intended to do business in California.

3. At all relevant times the only purposeful activities in California were acts of Shelby's employees.

4. Wiener's activities were not sufficient to satisfy the requirements of minimum contacts such that the assertion of jurisdiction was reasonable.

5. Assertion of *in personam* jurisdiction over Wiener under the facts of this case would offend traditional notions of fair play and substantial justice.

The primary issue on this appeal is whether the California court had jurisdiction under the facts of this case to render a personal judgment against Wiener. To resolve this question, we look to the law of California. *O'Brien v. Lanpar Co.*, 399 S.W.2d 340 (Tex.1966). The California judgment appears to be valid, final, and subsisting, so the burden to prove a lack of personal jurisdiction was on the defendant, Wiener, in the Texas enforcement proceeding. *Mitchim v. Mitchim*, 518 S.W.2d 362 (Tex.1975).

■ As a general constitutional principle, a court may exercise personal jurisdiction over a nonresident individual as long as he has such minimal contacts with the state that ". . . the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'." In those cases in which jurisdiction is based on the defendant's occasional activities, it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *Sibley v. Superior Court of Los Angeles County,* 16 Cal.3d 442, 128 Cal.Rptr. 34, 546 P.2d 322 (Cal.Sup.1976), citing *International Shoe Co. v. Washington* (1945) 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, and *Hanson v. Denckla* (1958) 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283.

■ Appellant contests the sufficiency of the evidence to support three findings of fact which led to the court's conclusion that appellee lacked the necessary minimum contacts. He first complains of the fifth finding. Wiener testified that at all times during his relationship with Shelby he did business at two locations only, both in Houston; as the only testimony on the location of his business, it clearly supports this finding.

Appellant next attacks finding 6, that appellee never owned any personal property in California, arguing that under Section 2401(2)(a) of the California Commercial Code, title to the wheels in question passed from the seller to the buyer when the seller delivered them to the common carrier in California.

Section 2401 states:

(1) . . .

(2) Unless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods, despite any reservation of a security interest and even though a document of title is to be delivered at a different time or place; and in particular and despite any reservation of a security interest by the bill of lading

(a) If the contract requires or authorizes the seller to send the goods to the buyer but does not require him to deliver them at destination, title passes to the buyer at the time and place of shipment; but

(b) If the contract requires delivery at destination, title passes on tender there.

The evidence does not establish as a matter of law exactly when the seller "completed his performance . . . of physical delivery of the goods." There was no testimony as to the parties' having specifically contracted on whether the seller was required to deliver the goods at destination. Plaintiff's exhibits 9A through 9LL are copies of the invoices and bills of lading. Those which indicate freight payments show that they were prepaid, and Mr. Wiener testified that Shelby paid the freight and chose the method of shipment. Mr. LaVinger, credit manager for Shelby, testified that some shipments to Texas Speed originated from Los Angeles, and others from Shelby's Dallas warehouse.

■ Title can pass under § 2401(2) of the California Commercial Code at either of two times. If the seller is only required to ship the goods, title passes at the time and place of shipment. If the seller must deliver the goods to the buyer's destination, his performance is not complete, and title does not pass until delivery is actually made. The judge was entitled to conclude that the seller was responsible for delivery of the goods at the buyer's destination in Texas and thus that Wiener did not own them while they were in California. In any event, little weight was given to this factor in *Interdyne Co. v. SYS Computer Corp.,* 31 Cal.App.3d 508, 512, 107 Cal.Rptr. 499, 501 (1973). In that case the goods were custom designed, were built to the specifications of the buyer, and were shipped F.O.B. Santa Monica, California, but the facts were otherwise very similar to those in our case. The court held:

When a California business seeks out purchasers in other states—purchasers

who are not 'present' in California for general purposes—deals with them only by out-of-state agents or by interstate mail and telephone, it is not entitled to force the customer to come to California to defend an action on the contract.

Appellant's third point of error attacks the court's finding 7, that the appellee never employed or hired any agents in California. Shelby argues that the common carriers who transported the goods were the agents of the purchaser, but Shelby's witness testified it normally chose the method of transporting the wheels it sold. It sometimes delivered them in its own trucks and, as noted, prepaid most of the shipments in question. Appellant cites no authority to support its conclusion that the shippers it selected and paid were agents of the appellee. We overrule the point. In any event, we consider the error, if any, harmless. Rule 434, Texas Rules of Civil Procedure.

Point of error four is a great weight point directed to the eighth finding of fact. Mr. LaVinger, Shelby's credit manager, testified that plaintiff's exhibit 12 was a credit memo showing that Shelby repurchased $353.49 worth of merchandise from Wiener. The trial judge was entitled to conclude from this testimony and from a letter from Mr. Wiener asking for credit for defective wheels that he was merely revoking his acceptance of non-conforming goods. Tex. Bus. & Comm.Code § 2.608. A revocation of acceptance revests title of goods in the seller as a matter of law and does not constitute a "sale." California Commercial Code § 2401(4).

Appellant's points five through eight are great weight points as to the court's conclusions of law 2, 3, 4 and 5, and they also assert that those conclusions are against the prevailing law of the state of California. These points contest the conclusions of the court that the appellee did not purposefully conduct business in California and did not have sufficient minimum contacts with California to prevent its assertion of jurisdiction from offending traditional notions of fair play and substantial justice.

We hold that the trial judge's findings of fact are amply supported by the evidence and that the conclusions of law were correct under California law.

A fact situation closely resembling the one at bar is found in *Tiffany Records, Inc. v. M. B. Krupp Distributors, Inc.*, 276 Cal. App.2d 610, 81 Cal.Rptr. 320 (1969). The California Court of Appeal held that where a Californian sent his employee out-of-state to solicit business and the out-of-state purchaser at most placed orders by mail or by telephone to California, this did not constitute activity that would make it fair to require the purchaser to defend himself there. See also *Floyd J. Harkness Co. v. Habermann*, 60 Cal.App.3d 696, 131 Cal. Rptr. 672 (1976); *Cornell University Medical College v. Superior Court*, 38 Cal.App.3d 311, 113 Cal.Rptr. 291 (1974); *Belmont Industries, Inc. v. Superior Court*, 31 Cal. App.3d 281, 107 Cal. Rptr. 237 (1973).

In the recent Texas case of *U–Anchor Advertising, Inc. v. Burt*, 553 S.W.2d 760 (Tex.1977), it was held that since the contract was solicited, negotiated and consummated in Oklahoma and only payment was to be made in Texas, Burt would not be afforded due process of law if required to defend the suit in Texas.

The appellant alleges error in Points 9 through 23 in the court's refusal to grant its request for additional findings of fact and conclusions of law. Most of these requested findings are covered by and directly contrary to the original findings filed by the trial court, so it was not required to make them and its refusal did not constitute error. *Great American Reserve Co. v. Summer*, 464 S.W.2d 212 (Tex.Civ.App.1971, writ ref., n. r. e.); *Wentz v. Hancock*, 236 S.W.2d 175 (Tex.Civ.App.1951, writ ref.). The other requested additional findings would not, if made, have required a different judgment.

Affirmed.