[Civ. No. 20709. Third Dist. Feb. 25, 1982.]

LESLIE NEADEAU, Plaintiff and Respondent, v.
KEITH FOSTER, Defendant and Appellant.

## COUNSEL

Crow, Lytle, Gilwee, Donoghue, Adler & Weninger and Marc G. Marcus for Defendant and Appellant.

Jacinto & Hubbert and Sunny Lee for Plaintiff and Respondent.

## OPINION

**REYNOSO, J.**[*]—This appeal is from a default judgment of the superior court.[1] Defendant's major contention[2] is that the default judgment is void on its face because there is no competent evidence in the record to show he was actually served with process. As will be seen, we hold that the California statutory scheme (Code Civ. Proc., §§ 415.40 and 417.20[3] read together) permits completion of service by mail when the

---

[*]Assigned by the Chairperson of the Judicial Council.

[1]The order is appealable as an order after final judgment. (5 Witkin, Cal. Procedure (2d ed. 1971) Attack on Judgment in Trial Court, § 161, p. 3734.)

[2]A secondary contention, which we discuss under section II, deals with personal jurisdiction over a nonresident based on contacts with this state.

[3]Hereafter, all statutory references are to the Code of Civil Procedure unless otherwise indicated.

return receipt is signed by a person so authorized by the defendant. The personal signature of the defendant is not required. Thus, we affirm.

## I

Plaintiff served defendant, an out-of-state resident, in accordance with section 415.40. The section provides: "A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by any form of airmail requiring a return receipt. Service of a summons by this form of mail is deemed complete on the 10th day after such mailing." Section 417.20, subdivision (a), delineates the proof necessary to support service of process pursuant to section 415.40: "[P]roof of service shall include evidence satisfactory to the court establishing actual delivery to the person to be served, by a signed return receipt or other evidence."

There are two documents in the record from which the trial court could conclude defendant was properly (and actually) served with process pursuant to the quoted statutes. The first is the affidavit of plaintiff's counsel which states service was mailed; a return receipt is attached as evidence. The return receipt is signed not by defendant, but by Angela Johnson. The second document is the affidavit of Joan Hosey, an employee of plaintiff, who avers Angela Johnson was employed by defendant as his office manager and "was authorized to sign for and accept mail addressed to [defendant] Keith Foster."

These documents suffice to support a finding that defendant was actually served with process. Such a finding, it appears, is compelled in light of a record which contains no evidence to the contrary. In his declaration in support of his motion to set aside the default, defendant makes no contention that in any way factually refutes the affidavit submitted by Hosey. Thus, there is no assertion that Angela Johnson is not (or was not) defendant's office manager or that she was not authorized to accept mail on his behalf. Moreover, there is no assertion that summons was not received by defendant, or that he was unaware of the action pending against him. Defendant, having the clear opportunity to refute what otherwise appears to be competent evidence that he was served with process, has failed to do so.

Defendant's reliance on *Stamps* v. *Superior Court* (1971) 14 Cal. App.3d 108 [92 Cal.Rptr. 151], is misplaced. In *Stamps*, the process

was sent by air mail, return receipt requested, but the return receipt was returned bearing the notice "unclaimed." Thus, there was no signed receipt or other evidence of delivery. (*Id.*, at p. 110.) Here, the return receipt was signed by Angela Johnson, who, according to the affidavit of Hosey, was the office manager for defendant *and a person authorized to receive and accept mail on his behalf.* This unrefuted evidence constitutes "evidence satisfactory to the court establishing actual delivery to the person to be served, ..." (See Code Civ. Proc., § 417.20, subd. (a).)

Defendant places great reliance on the words "actual delivery." Apparently, his position in this regard is that notwithstanding the affidavit submitted by Hosey there was no showing of "actual delivery" to the defendant to satisfy the requirements of section 417.20, subdivision (a). Although defendant is correct in his assertion that there must be strict compliance with the requisite statutory procedures (see *Stamps* v. *Superior Court, supra*, 14 Cal.App.3d at p. 110), he cites no authority for such a narrow construction of the words "actual delivery."

We hold that as defendant had designated another to receive mail on his behalf, receipt of said mail by the person authorized constitutes an actual delivery to the defendant.

## II

Defendant's secondary contention is that the trial court abused its discretion in denying his motion to quash service of process. A brief background is required to understand.[4] Plaintiff, a California resident, is engaged in the financial consulting and investment business. Defendant, an Oregon resident, does business in Oregon as a sole proprietorship under the name of Keith Manufacturing Company (KMC). Defendant "manufactures and sells equipment throughout the United States. Approximately 5% of [defendant's] business consists of sales within the State of California."

In the fall of 1978, defendant, via telephone, contacted plaintiff in California, requesting financial and business assistance. In November 1978, defendant came to Sacramento to meet with plaintiff and discuss funding for the business. Further communications were conducted via

---

[4]Any factual conflicts which may be found in the record are resolved in favor of the prevailing party and the trial court's order. (*Floyd J. Harkness Co.* v. *Habermann* (1976) 60 Cal.App.3d 696, 697 [131 Cal.Rptr. 672].)

telephone, and defendant returned to Sacramento in December 1978 to again discuss funding for KMC. In his complaint, plaintiff alleges that at this time it was verbally agreed between the parties that plaintiff would reorganize KMC, raise equity capital, and deal directly with creditors, accountants, customers, underwriters, lenders and attorneys on behalf of KMC. Defendant agreed to pay plaintiff for his services and also for his out-of-pocket expenses. Plaintiff began performance of his duties. In April 1979, for purposes of securing underwriting, the parties decided to commit their agreement to writing. A copy of the agreement is included in the record. While plaintiff performed his duties on behalf of KMC defendant refused to pay for his services. Plaintiff then instituted the instant action claiming breach of contract.

Because he has no business office within California, and because he has neither agents nor sales personnel stationed in California, defendant asserts there are insufficient contacts between him and this state in order to justify a proper exercise of in personam jurisdiction. We cannot agree. ■ As a general constitutional principle, a California court may exercise personal jurisdiction over a nonresident individual so long as such minimal contacts exist with the state so that "the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" (*International Shoe Co.* v. *Washington* (1945) 326 U.S. 310, 316-317 [90 L.Ed. 95, 101-103, 66 S.Ct. 154, 161 A.L.R. 1057].) "Under Code of Civil Procedure section 410.10, a California court may exercise jurisdiction over nonresidents on any basis not inconsistent with the United States or California Constitutions." (*Sibley* v. *Superior Court* (1976) 16 Cal.3d 442, 445 [128 Cal.Rptr. 34, 546 P.2d 322].) This section manifests an intent to exercise the broadest possible jurisdiction, limited only by constitutional considerations. (*Id.*, at p. 446.)

Where a nonresident defendant's activities may be described as "extensive, or wide-ranging" or "substantial and continuous,"[5] there is a constitutionally sufficient relationship to warrant jurisdiction for all causes of action asserted against him. (*Cornelison* v. *Chaney* (1976) 16 Cal.3d 143, 147 [127 Cal.Rptr. 352, 545 P.2d 264].) ■ Facts ad-

---

[5]We need not resolve the issue of "continuous and systematic" business activity. Nonetheless, while the record is silent concerning the length of time defendant has been selling merchandise within this state, and is equally silent concerning the volume generated by a 5 percent sales market, the 5 percent figure appears to suffice as continuous and systematic business within California. (Cf. *Floyd J. Harkness Co.* v. *Amezcua* (1976) 60 Cal.App.3d 687, 691-693 [131 Cal.Rptr. 667].) Even if defendant's activities could not be so considered, an exercise of in personam jurisdiction over him, we see in the text, would still be valid.

duced at the hearing on the motion indicate defendant does extensive and wide-ranging business in California. He is involved in business throughout the United States and 5 percent of his business consists of merchandise sold within California. Defendant makes frequent visits to California, apparently in connection with his business enterprise. As a matter of commercial actuality defendant has engaged in economic activity within this state, and has thus obtained the benefits and protection of the laws of California. (*Buckeye Boiler Co. v. Superior Court* (1969) 71 Cal.2d 893, 901-902 [80 Cal.Rptr. 113, 458 P.2d 57].)

Further, even if defendant's activities in the forum are not so persuasive as to justify the exercise of general jurisdiction, "jurisdiction depends on the quality and nature of his activity in the forum in relation to the particular cause of action." (*Cornelison v. Chaney, supra*, 16 Cal.3d at pp. 147-148.) The instant action for breach of contract is directly related to defendant's business activity within this state. The agreement was intended to affect and facilitate defendant's business interests both in California and throughout the United States. It was defendant who first contacted plaintiff with the idea of revamping the business. Defendant then came to California to meet with plaintiff and discuss the business and plaintiff's potential involvement. The contract was signed in California. Defendant anticipated and sought an economic benefit in California by way of plaintiff's efforts under the contract. (Cf. *Belmont Industries, Inc. v. Superior Court* (1973) 31 Cal.App.3d 281, 288 [107 Cal.Rptr. 237].) "[W]here the cause of action arises out of economic activity within the state, the contacts need not consist of repeated or continuous business transactions; an isolated transaction, such as the breach of a contract made and to be performed in the state, may be sufficient." (*Martin v. Detroit Lions, Inc.* (1973) 32 Cal.App.3d 472, 475 [108 Cal.Rptr. 23].)

Under these facts, the exercise of jurisdiction over defendant did not violate the dictates of due process. (See *Cornelison v. Chaney, supra*, 16 Cal.3d at pp. 149-150.)

The judgment (order) is affirmed.

Blease, Acting P. J., and Carr, J., concurred.

A petition for a rehearing was denied March 26, 1982, and appellant's petition for a hearing by the Supreme Court was denied May 20, 1982. Reynoso, J., did not participate therein.