26 F.3d 130
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Peador FARAMARZI; Helma Farahnik; Mike Mesut Culha;
Bradley William Brunon; Parkhideh Hilda Vessta;
Homa Ohebsion; Edward Gregorian; Ala
Gregorian; Seveta Gregorian,
Plaintiffs-Appellees,
v.
INLAND PACIFIC REAL ESTATE, INC.; La Jolla Pacific
Equities, Defendants
and
W. Harold Sellers, Defendant-Appellant.
 No. 92-56406.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1994.*
Decided June 3, 1994.
 
 Before: HUG, WIGGINS and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Harold Sellers appeals the entry of default and the entry of a default judgment in the amount of $1,099,954. He claims that he never received notice of the case and that he was not given an opportunity to present his case. Because we find that Sellers acted culpably, we affirm the entry of the default; because he was not given notice of the application of the default judgment and because no hearing was held on the matter of the default judgment, we remand to the district court for a hearing on the default judgment.
 
 
 3
 This Court reviews a district court's denial of a motion to set aside a default judgment for an abuse of discretion. Direct Mail. Spec. v. Eclat Computerized Tech., 840 F.2d 685, 687 (9th Cir.1988). We will not disturb a default judgment if the defendant's culpable conduct led to the default. Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir.1988), cert. denied, 493 U.S. 858 (1989). The defendant has the burden of proving that he did not act culpably. Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir.1988). Sellers did not satisfy his burden here.
 
 
 4
 Sellers's secretary, Joanne Wakefield, signed the return receipt for the complaint at issue in this case. Wakefield, in an August 3, 1992 declaration in support of Seller's motion to set aside the default, stated that "[t]he nature of my duties only required that I sign for all incoming mail at the address of my employment and turn it over to the respective secretaries." In Neadeau v. Foster, 129 Cal.App.3d 234, 180 Cal.Rptr. 806 (1982), the court held that out-of-state service pursuant to California Code of Civil Procedure Sec. 415.40 constitutes actual delivery to the defendant when the person who signed the receipt was authorized to receive mail on behalf of the defendant. This Court has held that "the defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." Albright, 862 F.2d at 1392. As a matter of law, Sellers' behavior was culpable and the entry of default should not be disturbed.
 
 
 5
 Although the entry of default was proper, the entry of a default judgment was not. Faramarzi claims that notice was not necessary because the default judgment was for a sum certain. However, Sellers argues persuasively that because the foreclosure sale had not yet occurred when the default judgment was entered, the damages could not have been for a sum certain. Federal Rule of Civil Procedure 55(b)(2) requires giving the defaulting party at least three days notice before a hearing on the default judgment is held. Sellers did not receive such notice. Also, the judge did not hold a hearing in order to determine whether the sum requested was reasonable. Because this Court disfavors default judgments in general ( In Re Roxford Foods, Inc., 12 F.3d 875, 879 (9th Cir.1993) and default judgments in cases that involve large sums of money in particular, (10 C. Wright, A. Miller & M. Kane, Federal Practice & Procedure 2d Sec. 2681), we remand this case to the district court for a hearing on the damages.
 
 
 6
 This case is affirmed-in-part and remanded-in-part.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3