Lynn E. SPIELMAN, Plaintiff,

v.

STANDARD INSURANCE COMPANY,
et al., Defendants.

No. C–96–1061 WHO.

United States District Court,
N.D. California.

July 1, 1996.

Lawrence Mann, Lawrence Mann Law Offices, San Francisco, CA, for plaintiff.

Shawn Hanson, Katherine M. Salo, Pillsbury, Madison & Sutro, San Francisco, CA, for defendants.

OPINION AND ORDER

ORRICK, District Judge.

In this insurance action, plaintiff Lynn Spielman ("Spielman") sued defendant Standard Insurance Company ("Standard") in state court to recover benefits under a disability insurance policy. Standard removed the action to federal court, pursuant to 28 U.S.C. 1446(b), based on diversity jurisdiction. Spielman now moves to remand to state court on the grounds that Standard's removal was untimely. For the reasons hereinafter set forth, Spielman's motion is denied.

I.

The following statement of facts is taken from the complaint. Spielman obtained disability insurance through her employer. Standard issued the policy. Spielman later sustained injuries during the course of her employment and sought compensation under the terms of the policy. Standard denied coverage. Spielman sued Standard for breach of contract, breach of the covenant of good faith and fair dealing, negligent and intentional misrepresentation, intentional infliction of emotional distress, and fraudulent concealment of a cause of action. Spielman filed the action in the Superior Court for the City and County of San Francisco.

Spielman sent a copy of the lawsuit by certified mail to Standard on February 13, 1996. A letter accompanying the complaint specified that the communication was not intended as "formal service" upon Standard, as no summons was enclosed. The complaint arrived at the post office on Saturday, February 17, 1996. A messenger employed by an external courier service acknowledged receipt of the letter and delivered the letter to Standard's closed offices. The courier's ac-

tions conformed with the usual practice for weekend mail.

Due to the President's Day holiday, Standard's offices remained closed the following Monday. A mail clerk at Standard processed the complaint on Wednesday, February 21, 1995, by entering the appropriate information in the company's certified mail log and forwarding the letter to the office of Ron Timpe, President of Standard. The complaint was received that day by Robert Maver, Vice President of Standard, on behalf of Timpe.

On March 22, 1996, Standard removed the case to the United States District Court for the Northern District of California. Spielman now moves to remand to state court, alleging that Standard's removal was untimely because the thirty-day removal period should commence on the date of receipt by the out-of-house courier (resulting in a passage of thirty-four days). Standard contends that the period should run from the date of Maver's receipt, and that removal occurred in a timely manner.

## II.

Section 1446(b) of Title 28 of the United States Code provides: "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading. . . ." 28 U.S.C. § 1446(b). There is a split of authority regarding when the removal period begins to run. Cases following the approach of *Love v. State Farm Mutual Automobile Insurance Co.*, 542 F.Supp. 65, 68 (N.D.Ga.1982), have held that only formal service of process triggers the running of the thirty-day period. Cases following the approach of *Tyler v. Prudential Insurance Co.*, 524 F.Supp. 1211, 1214 (W.D.Pa.1981), however, have held that the period runs from the defendant's actual receipt of the complaint, even if the receipt does not occur through formal service of process.

Standard correctly states that certain decisions from the district courts within the Ninth Circuit indicate an acceptance of the *Love* reasoning. *See, e.g., Student A. v. Metcho,* 710 F.Supp. 267, 268 (N.D.Cal.1989) (cit-

ing *Thomason v. Republic Ins. Co.*, 630 F.Supp. 331 (E.D.Cal.1986), for the proposition that service is required for the period to run); *Bennett v. Allstate Ins. Co.*, 753 F.Supp. 299, 304 (N.D.Cal.1990). More recent decisions, however, indicate the growing acceptance of the *Tyler* court's reasoning. *See, e.g., Silverwood Estates Dev. Ltd. Partnership v. Adcock,* 793 F.Supp. 226, 228 (N.D.Cal.1991); *Lofstrom v. Dennis,* 829 F.Supp. 1194, 1198 (N.D.Cal.1993). Although the Ninth Circuit has yet to consider the issue, other circuits have found the receipt rule of *Tyler* and its progeny more persuasive. *See, e.g., Tech Hills II Assocs. v. Phoenix Home Life Mutual Ins. Co.*, 5 F.3d 963, 968 (6th Cir.1993), *Roe v. O'Donohue,* 38 F.3d 298, 304 (7th Cir.1994).

Courts adopting the receipt rule have relied on four basic premises in support of their position. *Lofstrom,* 829 F.Supp. at 1197. First, the plain language of the statute clearly indicates that formal service of process is not necessary. *Id.* Second, the legislative history of § 1446(b) supports this interpretation, as shown through the addition of the language, "through service or otherwise." *Id.* Third, Congress intended to create a uniform federal standard for removal. *Id.* Finally, in *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941), the Supreme Court held that removal statutes should be strictly construed. *Id.* This Court finds the argument favoring the plain language of the statute most compelling. By acknowledging informal notification, such as "courtesy copies" of complaints, this interpretation focuses on actual notice to the defendant. Furthermore, acknowledgement of informal notice supports the function of the removal deadline to "expedite the identification of the proper tribunal." *Roe,* 38 F.3d at 302. Finally, adoption of the receipt rule clearly encourages uniformity by preventing the technicalities of state service laws from controlling the timing of federal removal.

Standard argues that this Court should adhere to the reasoning of *Love* in order to avoid the harsh result of forcing a defendant to remove prior to acquiring knowledge of the claims alleged by the plaintiff. Courts

following *Tyler* have avoided this result by holding that a complaint is not "received" for removal purposes until received by an "authorized representative" or "agent" of the defendant. *Tech Hills*, 5 F.3d at 968. In *Tech Hills*, the plaintiff sent the complaint via Federal Express to the defendant's office. *Id.* at 966. The complaint arrived on a Saturday, when the defendant's offices were closed, and a security guard signed to acknowledge receipt. *Id.* In-house counsel for the defendant received the complaint the following Monday. *Id.* The Sixth Circuit held that the removal period commenced upon receipt by in-house counsel, an authorized representative of the defendant, and not upon receipt by the security guard, who was "not so authorized." *Id.* at 968. Thus, the removal petition filed within thirty days of receipt by counsel was timely. *Id.*

Similarly, the Seventh Circuit has held that "the 30 days commences when the defendant, *or its authorized agent*, comes into possession of a copy of the complaint whether or not the delivery complies with the requirements of 'service.'" *Roe*, 38 F.3d at 304 (emphasis added) (citation omitted). In *Roe*, a deputy sheriff personally served the complaint upon the corporate defendant's receptionist. *Id.* at 300. The complaint was forwarded to another employee three days later. *Id.* The defendant's removal fell within the thirty-day period if measured from receipt by the second employee, but failed to meet the deadline if measured from receipt by the receptionist. *Id.* The court found that the service upon the receptionist triggered the removal period and that the removal was untimely. *Id.* at 304. The Ninth Circuit followed similar reasoning in *Pochiro v. Prudential Insurance Co.*, 827 F.2d 1246, 1248 (9th Cir.1987) (indicating that an attorney who represented the defendant in a related action was not necessarily authorized to accept service in a subsequently-filed suit).

■ Here, Standard correctly argues that the acceptance of the certified letter by an external courier fails to constitute "receipt" as required by § 1446(b). Unlike the receptionist in *Roe*, the courier had no authorization to receive service of process. Common sense similarly demands that a party should

not be considered on notice of a suit until some member of the organization has actual notice of the complaint.

Spielman argues that California law dictates that service by mail is effective as long as the person receiving service is authorized to receive mail on behalf of the defendant, citing *Neadeau v. Foster*, 129 Cal.App.3d 234, 238, 180 Cal.Rptr. 806, 808 (1982), and *M. Lowenstein & Sons, Inc. v. Superior Court*, 80 Cal.App.3d 762, 768, 145 Cal.Rptr. 814, 816 (1978). In *Neadeau*, the court held that receipt of service by someone authorized by the defendant to receive mail constitutes "actual delivery to the defendant." 129 Cal. App.3d at 238, 180 Cal.Rptr. at 808. Spielman's reliance on *Neadeau* is misplaced for two reasons. *Neadeau* did not involve federal removal. Furthermore, the "authorized" recipient of the mail was the defendant's office manager, and there was no evidence that the defendant did not receive actual notice. *Id.* at 237, 180 Cal.Rptr. at 807.

Spielman's reliance on *M. Lowenstein* is similarly flawed. The court there held merely that service by mail on an out-of-state defendant was permissible even though the defendant had designated an in-state agent for service. 80 Cal.App.3d at 768, 145 Cal. Rptr. at 816–17. The case did not address the issues of who could effectively receive service by mail on behalf of another or when service by mail was effective in the context of federal removal.

Spielman's final argument that Standard engaged in unexplained delaying tactics in processing the United States mail also fails. Spielman refers to the fact that Standard has not explained why the mail room failed to process the complaint on Tuesday, February 21, 1996. The documentation submitted by the parties indicates that Standard followed the usual procedure in accepting and channeling its mail.

■ Thus, the Court holds that the statutory period under § 1446(b) commences upon receipt of the complaint by an authorized representative, through formal service of process or other informal means of actual notice. Further, only receipt by the defendant, or an appropriate representative or

agent, constitutes "receipt" for purposes of triggering the thirty-day removal period. For these reasons, the Court finds that Standard's removal was timely.

## III.

Accordingly,

IT IS HEREBY ORDERED that Spielman's motion to remand to state court is DENIED. The action will proceed under the appropriate case management schedule.