Roger TAMEZ, Appellant,

v.

Alice TAMEZ, Appellee.

No. 13–91–400–CV.

Court of Appeals of Texas, Corpus Christi.

Dec. 19, 1991.

Rehearing Overruled Feb. 13, 1992.

J.E. Ramos, Jr., Corpus Christi, for appellant.

Marisela Saldana, Corpus Christi, for appellee.

Before DORSEY, KENNEDY, and GILBERTO HINOJOSA, JJ.

## OPINION

DORSEY, Justice.

This is an appeal from a child support order on motion to modify and motion to clarify/motion to vacate. Appellant Roger Tamez complains by six points of error that the trial court erroneously entered the order. He contends that the order terminated his support obligation on the wrong date, that the trial court improperly set the amount of his monthly child support arrearage payments, and that the order's authorization for wage withholding was unconstitutional. Further, he maintains that the court erroneously enforced two prior support orders and that it erred in failing to enter additional findings of fact and conclusions of law. We modify and affirm the trial court's order.

The Tamez's were divorced in 1979, at which time the divorce decree required appellant to pay child support for his three children. As of August, 1983, appellant wholly failed to make his child support payments. At that time, appellee filed a motion to modify the original order and a motion for contempt. The order modifying the original order increased the amount of appellant's monthly child support payments. The order holding appellant in contempt for failure to pay child support required appellant to pay $11,085, the child support in arrears, in addition to appellee's $1500 community property interest in appellant's retirement benefits, allocated to her by the property settlement in the 1979 divorce decree. Further, the order required appellant to repay a $425 loan made by the appellee to him as well as $350 in appellee's attorney's fees. In July, 1985 the court entered an order withholding appellant's earnings for payment of the still-unpaid child support, retirement benefits, loan, and attorney's fees discussed above, plus court costs and interest on the total amount. In August, 1990 appellant filed a motion to modify and a motion to clarify/motion to vacate. It is the April 2, 1991 order on these motions of which appellant complains. This order 1) terminated Tamez' original child support obligation effective December 1, 1990, 2) contained a finding that Tamez had not fully paid the child support arrearage judgment entered against him on July 2, 1985, and 3) required that Tamez' wages be withheld in the amount of $300 per month to pay the arrearage.

By his third point of error, appellant contends that the trial court erred in enforcing, through the 1991 order, the July, 1985 order authorizing the garnishment of his wages. In particular, appellant argues that such garnishment is unconstitutional because it is being used to pay not only child support but also the loan, the retirement benefits, and appellee's attorney's fees. Article XVI, section 28 of the Texas Constitution commands, "no current wages for personal service shall ever be subject to garnishment, except for the enforcement of court-ordered child support payments." TEX. CONST. art. XVI, § 28 (Vernon Supp. 1991).

■ First, the $425 loan represents expenses appellee incurred on behalf of the parties' minor children, to be repaid by appellant. These expenses, however, were incurred in 1978, before these parties came before the court and were divorced. Consequently, although they benefitted the children, these expenses were not *court-ordered* payments for child support. Appellant's current wages cannot therefore be withheld for payment of this type of expense under the Texas Constitution.

■ Second, the Texas Constitution will not permit the garnishing of appellant's current wages in order to pay appellee's $1500 community interest in appellant's retirement benefits. Article XVI, § 28 clearly prohibits the withholding of wages for all but court-ordered child support payments.

■ Finally, appellant complains that the withholding of his wages to pay the attorney's fees appellee incurred while enforcing the original child support order is unconstitutional.

Article XVI, § 28 of the Texas Constitution allows current wages to be subject to garnishment for "the enforcement of court ordered child support payments." Attorney's fees necessarily incurred for the collection of child support payments have long been held to be an essential part of the enforcement process.

■ Before the 1983 amendment to the Texas Constitution allowing for garnishment of wages to enforce child support orders, contempt remained one of the few remedies available for such enforcement. Texas Courts have held that "the constitutional right to not be imprisoned for debt is not violated by a contempt order enforcing a child support judgment which includes attorney's fees." *Ex parte Helms*, 152 Tex. 480, 259 S.W.2d 184, 188 (1953); *Ex parte McManus*, 589 S.W.2d 790, 792 (Tex. Civ.App.—Dallas 1979, no writ); *see also Smith v. Smith*, 643 S.W.2d 523, 525 (Tex. App.—Austin 1982, no writ); *Ex parte Miller*, 604 S.W.2d 324, 326 (Tex.Civ.App.— Dallas 1980, no writ). Because public policy imposes an obligation upon parents to support their children, child support payments are not considered a debt, but rather a legal duty. *McManus*, 589 S.W.2d at 792. Allowances for attorney's fees and costs to enforce this duty are of the same nature as the allowances of support for which they are a necessary means of enforcement. *Id.* Allowances for attorney's fees are incidental to the support required to be paid for the children. *Ex parte Helms*, 259 S.W.2d at 188.

Texas law has historically prohibited both the imprisonment of people for failure to pay their debts and the garnishment of their wages. However, due to the strong public policy behind supporting one's children, imprisonment for failure to pay child support as well as the attorney's fees incurred while attempting to enforce support obligations has continually been permitted. In 1983, with the amendment to article XVI, section 28 of the Texas Constitution, the House Joint Resolution proposing the amendment read, in pertinent part,

> this proposed constitutional amendment shall be submitted to the voters ... The ballot shall be printed to provide for voting for or against the proposition: 'the constitutional amendment allowing the legislature to provide for *additional remedies* to enforce court-ordered child support payments.' (emphasis added).

H.J.R. No. 1, Acts 1983, 68th Leg., p. 6693. If public policy allows a person to be imprisoned as a remedy for failure to pay not only back child support obligations but also the attorney's fees incident thereto, so will it permit a person's wages to be garnished for the same reason. Furthermore, the Texas Family Code provides,

> If the court finds that an obligor has failed or refused to make child support payments that were past due and owing at the time of the filing of the enforcement proceeding, the court *shall order the obligor to pay the movant's reasonable attorney's fees* and all court costs ... (emphasis added).

Tex.Fam.Code Ann. § 14.33(c) (Vernon Supp.1991).

Therefore, we hold that the trial court did not err by including in the wage withholding order the $350 in attorney's fees incurred by appellee while attempting to enforce the child support order at issue here. We sustain point of error three in part and modify the wage withholding order in part to exclude payment of the loan and appellee's community interest in appellant's retirement benefits.

■ By his first point of error, appellant contends that the April 2, 1991, Order on Motion to Modify terminated his child support obligation on an improper date. Ap-

pellant's youngest child turned eighteen years old on May 30, 1990. He therefore maintains that his obligation should have ended on that date. Texas Family Code section 14.05(a) requires people to support their children under court order until those children attain the age of eighteen. However, the trial court terminated appellant's support obligation on December 1, 1990. Appellee does not controvert the fact that appellant's obligation to support his minor children would have ended the day his youngest child turned 18. Consequently, we sustain appellant's first point of error, modify the order of the trial court, and terminate appellant's child support obligation on May 30, 1990.

■ By his second point of error, appellant contends that the trial court erred in requiring him to pay $300 per month towards his child support arrearage pursuant to the April 2, 1991, order. A child support order will not be overturned on appeal unless the trial court clearly abused its discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990); *Lahar v. Lahar*, 803 S.W.2d 468, 470 (Tex.App.—Beaumont 1991, no writ); *Sohocki v. Sohocki*, 730 S.W.2d 30, 31 (Tex.App.—Corpus Christi 1987, no writ). We must examine the evidence in the light most favorable to the trial court's action, with all legal presumptions in favor of that action. *Escue v. Reed*, 790 S.W.2d 717, 720 (Tex.App.—El Paso 1990, no writ). We find no evidence to suggest that the trial court abused its discretion in this order. Appellant complains that because there was some discussion in the hearing on the motions and order at issue regarding the monthly payments he would make towards the arrears, the order should reflect that discussion. However, the only issue on appeal is the amount of monthly payments to be made towards arrears as stated in the order, and we do not find $300 to be an abuse of discretion. Appellant began accruing these back child support payments immediately after the divorce decree was entered in 1979. In January, 1985, appellant was required to pay $83.54 every two weeks towards the arrearage. As of October 1, 1990, however, the trial court found that

appellant was still in arrears $9,569.80. We find no abuse of discretion in the trial court's ordering appellant to now pay $300 per month towards the arrearage as there remains no evidence to controvert the court's decision.

■ By his fourth and fifth points of error, appellant complains that two of the prior court orders, those dated October 30, 1983, and January 5, 1979, were erroneously enforced by the trial court. Specifically, he claims that the 1983 order contains no language ordering him to pay support and therefore is unenforceable; consequently, interest cannot accrue on the judgment amount within that order. He further contends that the 1979 order is ambiguous. Appellant cites *Marichal v. Marichal*, 768 S.W.2d 383 (Tex.App.—Houston [14th Dist.] 1989, writ denied) for the proposition that lack of command language and/or ambiguity in a child support order makes the order unenforceable and void. However, the 1983 modification, even if unenforceable, does not supply a basis for appellant's liability under the order complained of here.

In order to complain about prior orders, other than void orders, appellant was required to appeal them. Appeals from orders, decrees or judgments entered in suits affecting the parent-child relationship shall be handled as in civil cases generally. Tex. Fam.Code Ann. § 11.19(a) (Vernon 1986). Here, appellant failed to complain about the 1979 order until August, 1990, well past the time for appeal. We overrule points of error four and five.

■ By his sixth and final point of error, appellant contends that the trial court erred by failing to file Additional Findings of Fact and Conclusions of Law as requested. The court shall file any additional findings and conclusions *that are appropriate* within ten days after a request is filed. Tex.R.Civ.P. 298. If the record shows that the complaining party did not suffer injury, the failure to make such additional findings does not require reversal. *Rathmell v. Morrison*, 732 S.W.2d 6, 19 (Tex.App.—Houston [14th

Dist.] 1987, no writ). Where refusal does not prevent the adequate presentation of the matter being complained of on appeal, no reversible error has occurred. *Huber v. Buder*, 434 S.W.2d 177, 181 (Tex.Civ. App.—Fort Worth 1968, writ ref'd n.r.e.). Appellant must show from the record that the trial court's refusal to file such findings and conclusions was reasonably calculated to cause and did so cause the rendition of an improper judgment. *See, Guaranty Bond State Bank v. Tucker*, 462 S.W.2d 398, 405 (Tex.Civ.App.—Dallas 1970, writ ref'd n.r.e.); Tex.R.Civ.P. 434. If the appellant requests findings directly contrary to, or inconsistent with, the original findings, the court need not make those requested findings. *Shelby Internat'l Inc. v. Wiener*, 563 S.W.2d 324, 328 (Tex.Civ. App.—Houston [1st Dist.] 1978, no writ). Further, if the requested findings will not result in a different judgment, those findings need not be made. *See Wiener*, 563 S.W.2d at 328. We find no evidence of injury to appellant due to the trial court's refusing his request for additional findings and conclusions. In particular, appellant was not prevented from adequately presenting his complaints on appeal due to the trial court's action. We overrule point of error six.

The order of the trial court is affirmed in part and modified in part. The order is MODIFIED as follows: 1. appellant's obligation to support his children ended on May 30, 1990 when the youngest child reached the age of 18; AND 2. the cumulative total to be withheld from appellant's wages is reduced by $1925.00 (the $425 loan plus the $1500 in retirement benefits). The amounts due are reduced accordingly. As MODIFIED, the judgment of the trial court is AFFIRMED.