

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL, INC., | § | |
| | § | No. 08-12-00139-CV |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | |
| | § | 431st Judicial District Court |
| DENTON CENTRAL APPRAISAL DISTRICT and DENTON COUNTY APPRAISAL REVIEW BOARD, | § | of Denton County, Texas |
| | § | (TC# 2004-60114-393) |
| Appellees. | § | |
| | § | |

## **O P I N I O N**

In this ad-valorem tax case, Honeywell International, Inc. appeals the trial court's take-nothing judgment in favor of the Denton Central Appraisal District ("the District") and the Denton County Appraisal Review Board ("the Board"). In five issues, Honeywell contends that: (1) it was entitled to attorney's fees; (2) the trial court's findings of fact and conclusions of law "are replete with factual and legal errors[;]" and (3) the District illegally changed the appraised value of Honeywell's business personal property after the 2003 appraisal roll had been certified. For the reasons that follow, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Honeywell owns business personal property in Denton County.[1]  Under the Texas Tax Code, the owner of business personal property must render the property for taxation on January 1 of each year.[2]  *See* TEX.TAX CODE ANN. § 22.01(a)(West Supp. 2013).  Although Honeywell filed a rendition for the 2001 tax year, it did not for the 2002 tax year.  Further, Honeywell failed to file a rendition for the 2003 tax year by the April 15th deadline.

Honeywell, however, took advantage of a one-time amnesty provision enacted by the legislature by timely filing an amnesty rendition for the 2003 tax year.[3]  Honeywell's amnesty rendition, which actually consisted of several documents, "rendered a different value for certain categories of tangible personal property and rendered new categories of items."  The value of the personal business property identified in the 2003 amnesty rendition was $102,856,873; in the 2001 rendition, $2,419,540.

Because the amnesty rendition was filed after Honeywell's property had been assessed for 2003 taxes, the appraisal value upon which Honeywell's original tax bill was based did not include the value of the omitted property disclosed in the amnesty rendition filed later in 2003.

---

[1] At trial, the property was described as "maintenance, hardware for aircraft, primarily small nuts and bolts, fasteners, this sort of thing."

[2] Rendering business personal property for taxation involves filing a "rendition" statement containing:  (1) the name and address of the property owner; (2) a description of the property by type or category; (3) if the property is inventory, a description of each type of inventory and a general estimate of the quantity of each type of inventory; (4) the physical location or taxable situs of the property; and (5) the property owner's good faith estimate of the market value of the property or, at the option of the property owner, the historical cost when new and the year of acquisition of the property.  TEX.TAX CODE ANN. § 22.01(a)(1)-(5).

[3] In the 2003 legislative session, the Legislature amended Section 22.23(c) to encourage property owners to render business personal property that had been previously omitted from the appraisal rolls.  *See* Act of May 31, 2003, 78th Leg., R.S., ch. 1173, § 6, 2003 TEX.GEN.LAWS 3353, 3355 (codified as TEX.TAX CODE ANN. § 22.23(c)(Vernon 2004) (expired January 1, 2005)).  The Legislature did so by granting a one-time "amnesty" in the form of exemptions from retroactive taxation.  Under amended Section 22.23(c), a taxpayer who rendered omitted property by December 1, 2003 would be exempt from retroactive taxation for the 2001 and 2002 tax years.  *See id*. at § 22.23(c); *see also Aaron Rents, Inc. v. Travis Cent. Appraisal Dist.*, 212 S.W.3d 665, 667 (Tex.App.--Austin 2006, no pet.)(explaining amended Section 22.23(c)); *Mag-T, L.P. v. Travis Cent. Appraisal Dist.*, 161 S.W.3d 617, 622-23 (Tex.App.--Austin 2005, pet. denied)(same).

Accordingly, the District prepared supplemental appraisal records and issued a new appraisal notice for the 2003 tax year that included an increased property appraisal encompassing the previously omitted property.

Honeywell filed a protest of the District's "re-appraisal" with the Board, asserting that the the "Texas Tax Code does not authorize any change in property account value after certification." The Board ruled in favor of the District and denied Honeywell's protest. After receiving a corrected 2003 tax statement from the Tax Assessor-Collector in April 2004, Honeywell sued the District and the Board. *See* TEX.TAX CODE ANN. § 42.01(1)(B)(West Supp. 2013).

Honeywell alleged in its lawsuit that the District exceeded its statutory and constitutional authority by "re-appraising the certified value of the Property" after the appraisal roll had been certified. Honeywell sought, among other relief, an order "fixing, in accordance with the law, the correct appraised value of the Property at the original certified value as required by law." Though Honeywell moved for summary judgment and the District and the Board responded, the case proceeded to a bench trial.

After trial and the submission of post-trial briefs, the trial court signed a take-nothing judgment in favor of the Board and the District and against Honeywell. The judgment decrees that the 2003 appraisal roll is correct and that, for that tax year, the market and appraised value is $102,863,700.00 and the taxable value after exemptions is $55,631,770.00.

Honeywell timely requested findings of fact and conclusions of law, and the trial court issued them. Honeywell then objected to a number of the findings and conclusions and requested additional and amended ones. The trial court issued amended findings and conclusions as requested by Honeywell, but they remained largely unchanged.

3

**OMITTED PROPERTY**

Honeywell's first three issues concern its argument that the District improperly increased the appraised value of its business personal property after the appraisal roll had been certified.

### 1.    The Tax Code

In its first and third issues, Honeywell argues the District acted without statutory authority by increasing the appraised value of the Property after it had been certified to the tax collector. We disagree.

Honeywell claims that the appraisal roll may not be changed after it is certified unless:    (1) the taxpayer files a protest under Chapter 41 of the Tax Code or a lawsuit under Chapter 42 of the Tax Code; or (2) the taxpayer or chief appraiser files a motion to correct certain specific situations inapplicable here.    *See* TEX.TAX CODE ANN. §§ 25.25(a), (c)(West Supp. 2013).    Honeywell contends that because "none of these methods were utilized" in this case, "any change in the appraised value of [the Property] was illegal and in violation of the . . . Tax Code."    We agree that an appraisal district is "not permitted under Section 25.25 to *increase the value* at which property has been appraised after the appraisal roll has been certified[.]"    *Mag-T, L.P.*, 161 S.W.3d at 627 [Emphasis in the original].

An appraisal district, however, is permitted under Sections 25.21 and 25.23 of the Tax Code "to *add omitted property* . . . to the appraisal roll through a supplemental appraisal record even after the roll has been certified."    *Id*.    [Emphasis in the original).    Section 25.21 addresses the situation in which property has been omitted from the appraisal district's appraisal records. *See* TEX.TAX CODE ANN. § 25.21 (West 2008).[4]    The remedy provided by this section is the entry

---

[4]    Section 25.21 provides:
    (a) If the chief appraiser discovers that real property was omitted from an appraisal roll in any one of

of "the property and its appraised value in the appraisal records." TEX.TAX CODE ANN. § 25.21.

Section 25.23(a)(1), like Section 25.21, authorizes supplemental appraisal records that add

property omitted from an appraisal roll in a prior tax year. *See* TEX.TAX CODE ANN.

§ 25.23(a)(1)(West 2008).[5]  Further, Section 25.23(e) authorizes the chief appraiser to add these

---

the five preceding years or that personal property was omitted from an appraisal roll in one of the two preceding years, he shall appraise the property as of January 1 of each year that it was omitted and enter the property and its appraised value in the appraisal records.

(b) The entry shall show that the appraisal is for property that was omitted from an appraisal roll in a prior year and shall indicate the year and the appraised value for each year.

TEX.TAX CODE ANN. § 25.21 (West 2008).

[5] In its entirety, Section 25.23 reads:

(a) After submission of appraisal records, the chief appraiser shall prepare supplemental appraisal records listing:
> (1) each taxable property the chief appraiser discovers that is not included in the records already submitted, including property that was omitted from an appraisal roll in a prior tax year;
>
> (2) property on which the appraisal review board has not determined a protest at the time of its approval of the appraisal records; and
>
> (3) property that qualifies for an exemption under Section 11.13(n) that was adopted by the governing body of a taxing unit after the date the appraisal records were submitted.

(b) Supplemental appraisal records shall be in the form prescribed by the comptroller and shall include the items required by Section 25.02 of this code.

(c) As soon as practicable after determining the appraised value of a property listed in supplemental appraisal records, the chief appraiser shall deliver the notice required by Section 25.19, if applicable, and submit the records for review and determination of protest as provided by Section 25.22.

(d) Supplemental appraisal records are subject to review, protest, and appeal as provided by Chapters 41 and 42 of this code.  However, a property owner must file a notice of protest within 30 days after the date notice is delivered as required by Section 25.19.  If a property owner files a notice of protest, the appraisal review board shall hear and determine the protest within 30 days after the filing of the protest or as soon thereafter as practicable.  If a property owner does not file a protest within the protest deadline, the appraisal review board shall complete its review of the supplemental appraisal records within 30 days after the protest deadline or as soon thereafter as practicable.

(e) The chief appraiser shall add supplemental appraisal records, as changed by the appraisal review board and approved by that board, to the appraisal roll for the district and certify the addition to the

5

types of supplemental appraisal records to the appraisal roll. *See* TEX.TAX CODE ANN. § 25.23(e). Thus, if Honeywell omitted business personal property from the appraisal rolls in either 2001 or 2002, then Sections 25.21 and 25.23—not Section 25.25—govern the outcome of this case.

Although Honeywell does not admit to culpability, there is no question Honeywell omitted business personal property from the appraisal rolls in either 2001 or 2002.[6] When juxtaposed with the 2001 rendition, the 2003 amnesty rendition reveals that Honeywell failed to list machinery and equipment, supplies, tools, and a vehicle in the 2001 rendition and that, during the intervening years, Honeywell acquired approximately $100 million more in inventory, $540,000 more in furniture and fixtures, and $370,000 more in computers. At trial, Honeywell's then-director of state and local tax, Ray Merchant, acknowledged that Honeywell's 2003 amnesty rendition included "a lot more inventory" than previously disclosed to the District and that it was "very likely" that Honeywell "owned more property than was appraised as of January 1, 2002." Based on the information Honeywell disclosed in its 2003 amnesty rendition, the District—as permitted by Sections 25.21 and 25.23—created supplemental appraisal records encompassing the omitted property. After the Board denied Honeywell's protest, the District—as permitted by Sections 25.21 and 25.23—used the supplemental appraisal records to add the omitted property to the 2003 appraisal roll after it had been certified.

Honeywell contends that Section 25.21 did not authorize the District to "re-value an account based on omitted property and thus to change the value . . . of an account that was certified

---

taxing units.

TEX.TAX CODE ANN. § 25.23 (West 2008).

[6] In its brief, Honeywell asserts that "the facts of this case indicated that the . . . District's value change was just that, a value change and not a case of omitted property."

in a previous year." "Instead," according to Honeywell, "[Section 25.21] allows for the value of the omitted property to be included in the current year's appraisal roll, with taxes assessed on such value at the prior year tax rates." As support for the proposition that the amount assessed in back taxes is included in the current year's appraisal records and does not retroactively change certified appraisal rolls for the years the business personal property was omitted, Honeywell cites *Atascosa County v. Atascosa County Appraisal Dist.*, 990 S.W.2d 255 (Tex. 1999). But *Atascosa County* does not support the proposition that the District could not include the omitted property to the 2003 appraisal roll after its certification.

In *Atascosa County*, one of the issues addressed by the Supreme Court was whether limitations barred a taxing unit's challenge to the appraisal district's and chief appraiser's failure to back-appraise property that had been erroneously exempted for up to five years because the taxing unit did not challenge the exemptions within the year the exemptions were granted. *See id*. at 260. In concluding that a taxing unit was not barred from challenging the failure to back-appraise property that was erroneously exempted in any of the five years preceding the challenge, the court pronounced:

> Thus, to challenge a potential entry to an appraisal roll, the challenge must be timely brought in that year. But a back-appraisal does not retroactively change previous years' appraisal rolls. A back-appraisal is included in the appraisal roll for the year in which the failure to back-appraise is challenged. When a taxing unit challenges a back-appraisal in the current year's appraisal records, it is not challenging past rolls but rather the potential inclusion of past exemptions in the current roll. *See* TEX. TAX CODE § 11.43(i); *see also McPhail [v. Tax Collector]*, 280 S.W. [260,] . . . 265 [(Tex.Civ.App.--Dallas 1926, writ ref'd)('[I]f [the taxpayer] should fail to discharge this legal duty [of paying taxes on property that has erroneously escaped assessment], it becomes the duty of the assessor to assess the property for the omitted year at the same rate under which it should have been assessed, and attach the assessment as a supplement to the regular rolls for the current year.'). As a result, the limitations period for challenging the failure to back-appraise runs not in the year the exemption was erroneously granted, but

7

rather in the year the failure to back-appraise has been challenged.
*Atascosa County*, 990 S.W.2d at 260.   Here, the District was not seeking to retroactively change either the 2001 or 2002 appraisal roll.   Rather, consistent with *Atascosa County* and *McPhail*, the District—as permitted by Sections 25.21 and 25.23—attached the back-appraisal as a supplement to the 2003 appraisal roll—the regular roll for the current year.

Honeywell claims, in a roundabout manner, that the District was actually attempting to impermissibly change the 2003 appraisal roll in 2004.   In support of its claim, Honeywell directs our attention to several documents admitted at trial, including the corrected notice of appraisal and the District's internal appraisal cards, bearing 2004 dates.   But there was evidence adduced at trial that the District began the process of including the omitted property to the 2003 appraisal roll in 2003.   Honeywell stipulated that it filed the 2003 amnesty rendition on November 26, 2003.   The District's then-manager of its business personal property department, John England, testified the District generated an internal appraisal card dated December 2, 2003 "as a result of the rendered figures on the amnesty rendition[.]"   He further explained that the "new calculated values were determined and placed on . . . [that appraisal card] with instructions to be entered into the appraisal records[]" and that "this new information as derived from the amnesty rendition to include the omitted property was entered into the appraisal records on January 5th 2004, for the 2003 tax year."   Thus, there was evidence supporting the trial court's finding that "Honeywell had previously undisclosed property in Denton County that was omitted from the 2003 appraisal roll because it did not disclose the omission until the fall of 2003."

Honeywell's first and third issues are overruled.

## 2. The Board's Order

8

As mentioned above, the Board heard Honeywell's protest and ruled in favor of the District. In its order denying Honeywell's protest, the Board "determined . . . that the appraisal records are correct as to the errors alleged in the Notice of Protest" and directed "that the applicable appraisal records not be changed." In its second issue, Honeywell asserts the District violated the Board's order when it changed the 2003 appraisal roll after it had been certified. We disagree.

The Board's order forbids changing the "applicable appraisal records," not the 2003 appraisal roll. As defined by the Tax Code, the "appraisal roll for the district" is "[t]he appraisal records, *as changed by order of the appraisal review board and approved by that board*." TEX.TAX CODE ANN. § 25.24 (West 2008)[Emphasis added]. Taking into account this statutory definition and other pertinent provisions of the Tax Code, it is clear that appraisal records—original and supplemental—do not constitute the appraisal roll until the appraisal review board has: (1) reviewed them; (2) ordered applicable changes; and (3) approved them. *See id*. at §§ 25.22 ("the chief appraiser shall submit the completed appraisal records to the appraisal review board for review and determination of protests."); 25.23(c)(requiring chief appraiser to submit supplemental appraisal records for review and determination of protest as provided by Section 25.22); 25.23(e)("The chief appraiser shall add supplemental appraisal records, as changed by the appraisal review board and approved by that board, to the appraisal roll for the district and certify the addition to the taxing units."); 25.24 (see above).

Contrary to Honeywell's assertion, the "applicable appraisal records" in this case are the supplemental appraisal records created by the District, "derived from the amnesty rendition[,]" and "entered . . . on January 5th, 2004, for the 2003 tax year." "At the point . . . [the corrected

9

notice] went out . . . the market value for the property on the 2003 supplemental appraisal records . . . [was] . . . $102,863,770." These 2003 supplemental records were created before the corrected notice was sent to Honeywell and were the records considered by the Board in deciding Honeywell's protest. Accordingly, the Board was referring to these records when it "determined . . . that the appraisal records are correct as to the errors alleged in the Notice of Protest" and "ordered that the applicable appraisal records not be changed." The supplemental records subsequently became "[the] supplemental roll and the roll [was] changed."

Honeywell's second issue is overruled.

## ATTORNEY'S FEES

In its fourth issue, Honeywell argues it is entitled to attorney's fees under Section 42.29 of the Texas Tax Code because the District's appraisal of the Property was excessive. However, only a prevailing property owner is entitled to attorney's fees under Section 42.29. *See* TEX.TAX CODE ANN. §§ 42.25, 42.29(a)(West 2008 & Supp. 2013). Because Honeywell has not prevailed in this action, it is not entitled to attorney's fees. Accordingly, the trial court did not err in failing to award attorney's fees to Honeywell.

Honeywell's fourth issue is overruled.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

In its fifth and final issue, Honeywell challenges the legal and factual sufficiency of the evidence supporting the trial court's Amended Findings of Fact and the correctness of the trial court's Conclusions of Law and complains of the trial court's failure to make additional findings and conclusions.

### 1. Findings of Fact

10

We begin by addressing Honeywell's challenge to the sufficiency of the findings of fact issued by the trial court.

### *Standard of Review*

A trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them. *See Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). When the appellate record contains a reporter's record, as it does in this case, findings of fact are not conclusive and are binding only if supported by the evidence. *See HTS Servs., Inc. v. Hallwood Realty Partners, L.P.*, 190 S.W.3d 108, 111 (Tex.App.--Houston [1st Dist.] 2005, no pet.). A finding is legally sufficient if there is more than a scintilla of evidence to support the finding. *See Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998). A finding is factually insufficient if the finding is so contrary to the evidence as to be clearly wrong and manifestly unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986)(per curiam).

### *Discussion*

Contrary to Honeywell's assertion, the trial court's findings of fact are supported by legally and factually sufficient evidence.

Honeywell argues that the following findings of fact is erroneous:

21. As part of its amnesty rendition, Honeywell attached an application for 'Freeport exemption' pursuant to section 11.251 of the Code. The application was also signed by Ray Merchant. The application included an 'Asset Value Detail' listing which stated that the value of the inventory component of the Property as of January 1, 2003 was $102,016,000. The total value on Honeywell's Asset Value Detail was listed as $102,856,873. The District, by and through John England, determined that Honeywell's amnesty rendition identified new categories of items that had not been previously disclosed. These categories of items consisted of vehicles, supplies, machinery & equipment, and furniture & fixtures identified in Plaintiff's Asset Value Detail, *Defendants' Exhibit 1-I*. [Emphasis in original].

11

Specifically, Honeywell asserts that the trial court erred by failing to modify the last sentence. Honeywell contends that this sentence should read, "These categories of items consisted of Vehicles and Supplies." According to Honeywell, "only the categories of Vehicle and Supplies were 'new' categories as indicated in the fifth paragraph of the finding" because "[a]ll other categories of property already had a value assigned." In other words, Honeywell argues that the categories of property labeled "machinery & equipment, and furniture & fixtures" cannot be considered new categories because they had been previously identified in the 2001 rendition. We disagree.

If we assume for the sake of argument that the trial court erred in mislabeling the previously identified categories as "new," Honeywell has nonetheless failed to show how it was harmed. To obtain reversal of a judgment based upon an error in the trial court, the appellant must show that: (1) the error occurred; and (2) it probably caused rendition of an improper judgment or probably prevented the appellant from properly presenting the case to this Court. TEX.R.APP. P. 44.1(a); *Romero v. KPH Consolidation, Inc.*, 166 S.W.3d 212, 225 (Tex. 2005). Here, Honeywell has not explained how the trial court's refusal to amend its finding probably caused the rendition of an improper judgment or probably prevented Honeywell from properly presenting its case on appeal. It is difficult to perceive how Honeywell was harmed. The issue at trial was whether Honeywell omitted property from the 2003 appraisal roll, not whether Honeywell failed to properly identify the categories of business personal property it owned. Moreover, we concluded above that Honeywell omitted property.

Honeywell also challenges the correctness of the following Findings of Fact:

23. The District added $102,016,000.00 in additional inventory that had not been

12

previously disclosed and subject to property taxation to the 2003 appraisal roll as required by section 25.21 of the Code. The value of the property the District added to the 2003 appraisal roll as the result of the amnesty rendition was the value of Honeywell's omitted property that was taxable at that location and not a revaluation of the property the District originally valued on the 2003 appraisal roll.

Honeywell contends that instead, this finding should have read:

On January 12, 2004, the District added $99,596,460 in additional inventory, $620,576 in additional furniture and fixtures, $4,432 in machinery and equipment, $1,700 in vehicles, and $5,000 in supplies that had not been previously disclosed and subject to property taxation to the 2003 appraisal roll under the Account Number associated with Honeywell's property.

We disagree.

Honeywell advances three reasons why the trial court's finding is incorrect, but none are persuasive. Honeywell first asserts that "there is no evidence that the value 'added to the 2003 appraisal roll' was made pursuant to Section 25.21 of the Texas Tax Code." Honeywell is incorrect. As established in our discussion of Honeywell's first and third issues, we concluded that the District acted pursuant to Sections 25.21 and 25.23 in attaching the back-appraisal as a supplement to the 2003 appraisal roll. Honeywell next posits that "[t]here is no evidence that '$102,016,000 in additional inventory' was added anywhere . . . ." But the record belies Honeywell's assertion. John England testified that this figure was derived from Honeywell's 2003 amnesty rendition, which identified $102,016,000 as the acquisition cost for the additional inventory. Lastly, Honeywell claims "that, contrary to the trial court's finding, the change was 'a revaluation of the property the District originally valued on the 2003 appraisal roll.'" However, we disposed of this argument in discussing Honeywell's first and third issues.

Honeywell also complains of the following Findings of Fact:

24. On January 28, 2004, the District sent Honeywell a Supplemental Notice of Appraised Value, relating to the 2003 tax year with a proposed appraised value of

13

$102,863,770, for the Property pursuant to section 25.23(d) of the Code. The supplemental appraisal notices for the 2003 tax year included the value of the previously omitted property that was disclosed on Honeywell's amnesty rendition.

Honeywell argues that this finding should have read as follows:

On January 28, 2004, the District sent Honeywell a 'Corrected' Notice of Appraised Value, relating to the 2003 tax year with a proposed appraised value of $102,863,770 for the Property. The 'Corrected' Notice of Appraised Value made no reference to any property claimed to be omitted.

Again, we disagree.

Honeywell does not explain how it was harmed by the trial court's error, if any, in identifying the Notice of Appraised Value that Honeywell received as a "Supplemental" notice rather than a "Corrected" notice. Further, we ourselves cannot perceive how Honeywell was harmed because Honeywell is not complaining that the District failed to provide it with notice—whether labeled "Supplemental" or "Corrected"—of the appraised value of the property as required by the Tax Code. *See* TEX.TAX CODE ANN. § 25.19(a)(West 2008)(requiring the chief appraiser to deliver a written notice to a property owner of the appraised value of the property if the property was not on the appraisal roll in the preceding year). Indeed, John England testified that the notice Honeywell received was sent pursuant to and in conformance with the requirements of the Tax Code.

Honeywell also claims that "the evidence shows that the notice . . . was not any supplement to the 2003 appraisal roll value, but a change from the value which had already been approved by the . . . Board." However, we have disposed of this identical argument in our discussion of Honeywell's first and third issues. Honeywell also complains of the following Findings of Fact:

35. The District determined that the new categories of property identified in Honeywell's 'Asset Value Detail' represented property that had not been previously disclosed to the District.

14

Honeywell asserts that the trial court should have added the following sentence at the end: "The new categories of property consisted of Vehicles and Supplies." But this is the same complaint Honeywell raised in its challenge to Findings of Fact Number 21. That complaint remains unavailing.

## 2. Conclusions of Law

In addition to challenging the sufficiency of the trial court's findings, Honeywell challenges the correctness of two of the trial court's conclusions of law.

### *Standard of Review*

We review *de novo* a trial court's conclusions of law. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). We are not bound by the trial court's legal conclusions, but the conclusions of law will be upheld on appeal if the judgment can be sustained on any legal theory supported by the evidence. *Id*.

### *Discussion*

Contrary to Honeywell's assertion, the trial court's judgment does not warrant reversal.

Honeywell complains of the following Conclusion of Law:

1. Senate Bill 340 authorized appraisal districts to add omitted property to the 2003 appraisal roll by adding Section 22.23(c) to the Code. TEX.TAX CODE ANN. § 22.23(c)(Vernon 2004)(expired January 1, 2005).

Honeywell argues that this conclusion should have instead read:

1. Senate Bill 340 did not prohibit appraisal districts from adding property omitted from the 2003 appraisal roll by adding section 22.23(c) to the Code. TEX.TAX CODE ANN. § 22.23(c)(Vernon 2004)(expired January 1, 2005).

According to Honeywell, because "Section 22.23(c) of the Tax Code made no reference to the addition of omitted property for the 2003 tax year[,]" "[t]he statute clearly did not 'authorize' any

15

action by an appraisal district with regard to the 2003 tax year." That may well be, but is it of no consequence. As discussed above, the District had the authority, pursuant to Sections 25.21 and 25.23 of the Tax Code, to add the business personal property omitted by Honeywell to the 2003 appraisal roll after it had been certified.

Honeywell also complains of the following Conclusion of Law:

2. Section 22.23(c) authorized an appraisal district to accept amnesty renditions from property owners who had not previously rendered business personal property and whose property had been previously omitted from the appraisal rolls in 2003. The incentive for property owners to file these 'amnesty' renditions was that they would granted [sic] amnesty from a back-assessment on the value of the omitted property for the 2001 and 2002 tax years.

Honeywell asserts that the phrase "and whose property had been previously omitted from the appraisal roll in 2003" should have been deleted because "[t]here was no requirement that a property owner's property have been omitted from the appraisal roll in 2003 or any other year in order to file an amnesty rendition." But Honeywell fails to explain how the trial court's inclusion of that phrase rendered the trial court's judgment erroneous, especially since Honeywell acted pursuant to Section 22.23(c) in filing an amnesty rendition that disclosed omitted property worth millions of dollars. It was this omitted property that the District lawfully added to the 2003 appraisal roll.

### 3. Requested Additional Findings of Fact and Conclusions of Law

We end by addressing Honeywell's complaint concerning the trial court's failure to make additional findings of fact and conclusions of law.

### *Applicable Law*

After a trial court enters its original findings of fact and conclusions of law, any party may request additional or amended findings and conclusions. TEX.R.CIV.P. 298. A trial court is

16

required to make additional findings and conclusions, when they are timely requested, but only on ultimate or controlling issues. TEX.R.CIV.P. 298; *Barker v. Eckman*, 213 S.W.3d 306, 310 (Tex. 2006); *Dura-Stilts Co. v. Zachry*, 697 S.W.2d 658, 661 (Tex.App.--Houston [1st Dist.] 1985, writ ref'd n.r.e.). A controlling issue is one that is essential to the cause of action and that would have a direct effect on the judgment. *Gen. Elec. Capital Corp. v. ICO, Inc.*, 230 S.W.3d 702, 711 (Tex.App.--Houston [14th Dist.] 2007, pet. denied). Accordingly, a trial court is not required to make additional findings and conclusions that are unsupported in the record, that are evidentiary, that are contrary to other previous findings and conclusions, or that will not result in a different judgment. *Hoffmann v. Dandurand*, 143 S.W.3d 555, 559 (Tex.App.--Dallas 2004, no pet.); *Tamez v. Tamez*, 822 S.W.2d 688, 693 (Tex.App.--Corpus Christi 1991, writ denied); *Baptist Mem'l Hosp. Sys. v. Bashara*, 685 S.W.2d 352, 355 (Tex.App.--San Antonio 1984), *aff'd*, 685 S.W.2d 307 (Tex. 1985). Moreover, if the record shows that the complaining party did not suffer injury or was not prevented from adequately presenting his complaint on appeal, no reversible error has occurred. *Strickland v. Coleman*, 824 S.W.2d 188, 193 (Tex.App.--Houston [1st Dist.] 1991, no writ); *Tamez*, 822 S.W.2d at 692 *Landscape Design & Const., Inc. v. Harold Thomas Excavating, Inc.*, 604 S.W.2d 374, 378 (Tex.Civ.App.--Dallas 1980, writ ref'd n.r.e.).

### *Discussion*

The trial court was not required to make the following findings of fact requested by Honeywell:

> [(1)]: The proposed appraised value of $2,748,179 included on the 2003 Notice of Appraised Value consisted of the following categories of items and values: Inventory $2,419,540; Furniture and Fixtures $125,085; Machinery and Equipment $203,554[;]

> [(2)]: On July 18, 2003, the [Board] approved and certified the appraisal record

17

for the Property at a value of $2,748,179[;]

[(3)]:   The final certified market value of the Property for 2003 on the District's appraisal roll prior to any supplementation was $2,748,179[;]

[(4)]:   Neither the District nor the District's chief appraiser filed a motion pursuant to Section 25.25 of the Texas Tax Code seeking to change or correct the appraisal roll with regard to the $2,748,179 value for the Property certified on the District's 2003 appraisal roll prior to any supplementation[;]

.                    .                    .

[(5)]:   The proposed appraised value of $102,863,770 included on the 'Corrected' Notice of Appraised Value consisted of the following categories of items and values: Inventory $102,016,000; Furniture and Fixtures $633,084; Machinery and Equipment $207,986; Vehicles $1,700; and Supplies $5,000[;]

[(6)]:   In 2004, the District changed the 2003 appraisal roll value of Account Number P927922 representing Honeywell's Property after original certification by the [Board] from $2,748,179 to $102,856,873[; and]

[(7)]:   Honeywell's Property was not added to the 2004 appraisal roll as omitted property.

As Honeywell acknowledges in its brief, the first five requested findings of fact relate to undisputed facts that were established either by the parties' stipulated admissions or by evidence adduced by the Board or District. Because these requested findings do not involve ultimate issues, they are unnecessary. *See Barker*, 213 S.W.3d at 310; *Dura-Stilts Co.*, 697 S.W.2d at 661. The last two requested findings were disposed of directly or indirectly by the trial court's amended findings. In amended Findings of Fact, Number 23, the trial court found that:

The District added $102,016,000.00 in additional inventory that had not been previously disclosed and subject to property taxation to the 2003 appraisal roll as required by section 25.21 of the Code. The value of the property the District added to the 2003 appraisal roll as the result of the amnesty rendition was the value of Honeywell's omitted property that was taxable at that location and not a revaluation of the property the District originally valued on the 2003 appraisal roll.

In the amended Findings of Fact, Number 37, the trial court found:

18

> The value of the property the District added to the 2003 appraisal roll as the result of the amnesty rendition was the value of Honeywell's omitted property that was taxable at that location and not a revaluation of the property the District originally valued on the 2003 appraisal roll.   (Testimony of John England)

In making these two findings, the trial court clearly rejected the theory that forms the basis for Honeywell's requested findings.   Because Honeywell's requested findings are contrary to the trial court's other findings, they were not material or necessary.   *See Hoffmann*, 143 S.W.3d at 559; *Tamez*, 822 S.W.2d at 693; *Bashara*, 685 S.W.2d at 355.

The trial court was also not required to make the following Conclusions of Law requested by Honeywell:

> [(1)]:   Except as provided by Chapters 41 and 42 and Section 25.25 of the Texas Tax Code, the appraisal roll may not be changed[; and]

> [(2)]:   If the chief appraiser discovers that personal property was omitted from an appraisal roll in one of the two preceding years, he shall appraise the property as of January 1 of each year that it was omitted and enter the property and its appraised value in the current year appraisal rolls.   The back-appraisal of the omitted property must be included in the appraisal roll for the current year and does not retroactively change previous years' appraisal rolls.

Honeywell fails to explain how the trial court's refusal to adopt these conclusions prevented it from adequately presenting any of its complaints on appeal, and given that a full and complete reporter's record was made a part of the record on appeal, we do not perceive any prejudice. Additionally, although Honeywell argues that its findings and conclusions should have been adopted, Honeywell fails to demonstrate how a different judgment would have resulted.

We conclude the trial court did not err in not adopting Honeywell's requested findings of fact and conclusions of law.

Honeywell's fifth issue is overruled.

19

## CONCLUSION

Having overruled all five of Honeywell's issues, we affirm the trial court's judgment.


March 19, 2014

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.