

# NUMBER 13-12-00303-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**JOHN RUSSELL COFFMAN,** **Appellant,**

**v.**

**CELESTE ELANE COFFMAN** **Appellee.**

---

### On appeal from the 359th District Court
### of Montgomery County, Texas.

---

# MEMORANDUM OPINION[1]

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Perkes[2]

---

[1] Pursuant to a docket-equalization order issued by the Supreme Court of Texas, this case is before us on transfer from the Ninth Court of Appeals in Beaumont, Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2013 3d C.S.).

[2] We retained this case on our docket during an abatement regarding appellant's indigency status. Inasmuch as appellant's indigency status is now resolved, we can address the merits of his appeal of the trial courts judgment.

Appellant John Russell Coffman ("John") appeals the trial court's final decree of divorce entered in favor of appellee Celeste Elane Coffman ("Celeste") and the judgment for attorney's fees entered in favor of intervenor Lynda F. Burke, P.C. By three issues Coffman argues: (1) the trial court abused its discretion in denying appellant's motion for a continuance; (2) the trial court abused its discretion by excluding appellant's witnesses from testifying at trial; and (3) the evidence is legally insufficient to support Burke's judgment against appellant. We affirm.

## I. BACKGROUND

Celeste filed a petition for divorce alleging that the "marriage [had] become insupportable because of discord or conflict of personalities between [them] that destroy[ed] the legitimate ends of the marriage relationship and prevent[ed] any reasonable expectation of reconciliation. She alleged that John committed adultery and was guilty of cruel treatment toward her of a nature that rendered living together unsupportable. She asserted that John has a history or pattern of alcoholism, substance abuse, and erratic behavior, and requested that the court deny access to the children.

At the onset of the case, John hired Burke to represent him. Burke subsequently withdrew from representation during the pendency of the divorce case[3] and filed a petition in intervention seeking attorney's fees. Burke plead for damages and asserted as theories of recovery: breach of contract; quantum meruit; and sworn account.

During the trial, the trial court took judicial notice of the earlier proceedings. The court further heard testimony from Burke regarding the amount and reasonableness of

---

[3] Appellant did not appear at the hearing on Burke's motion to withdraw.

the requested attorney's fees, as well as testimony from Celeste regarding various remaining unresolved matters.   John's counsel thereafter attempted to introduce John's testimony from a previous hearing for the purpose of eliciting financial testimony as it related to child and spousal support.[4]   The trial court, however, found that since John had not submitted a financial information statement as required by the local rules,[5] that he would be prohibited from contesting the accuracy of the information presented by the complying party.

At the conclusion of the evidence, the trial court granted the divorce and awarded a money judgment for attorney's fees in favor of Burke.   The trial court entered findings of fact and conclusions of law, but it did not include findings and conclusions regarding Burke's attorney's fees.   John requested additional findings regarding Burke's claim for damages based upon "breach of contract" and "unjust enrichment."   John's request, however, did not mention "quantum meruit" or "sworn account."   The trial court did not enter any additional findings or conclusions.   This appeal ensued.

## II.   MOTION FOR CONTINUANCE

By his first issue, John complains that the trial court erred by denying his motion for continuance.[6]   Specifically, John argues that his new trial counsel did not have

---

[4] To the extent appellant's offer was made during trial, we consider it as an offer of proof.   *See Clone Component Distribs. v. State*, 819 S.W.2d 593, 596 (Tex. App.—Dallas 1991, no writ).

[5] According to the Montgomery County local rules, inventories and financial information statements shall be filed in all domestic relations cases related to divorce.   *See* 359th (Tex.) DIST. CT. LOC. R. 4.5(A) (Montgomery County).

[6] John's motion for continuance appears to be a standard form. It is verified, but is not supported by any affidavit or other evidence. The motion states, in its entirety:

This Motion for Continuance is brought by John Russell Coffman, Respondent, who shows in support:

sufficient time to prepare for trial and that he was unable to attend because of a previously scheduled business engagement.

After the trial court granted Burke's agreed motion to withdraw, John hired Margaret Alexander ("Alexander") as replacement counsel. Approximately eight days before trial, the trial court heard Alexander's motion to withdraw. Alexander alleged that she was unable to effectively communicate with John in a manner consistent with good attorney-client relations; that he was not financially able to pay for legal services to proceed with trial; and that he threatened certain legal action against her if she did not proceed according to his wishes. John did not appear at the hearing, and the trial court granted Alexander's motion to withdraw.

On the day before trial, John filed a pro se motion for continuance. During the trial the following day, John's new counsel, Mark Aronowitz, sought to argue the motion. Both Celeste's counsel and Burke, however, objected because they had not received a copy of the motion for continuance. John did not appear at the trial and no controverting evidence regarding notice was presented. The trial court thereafter held that since the parties were not given proper notice of the motion for continuance, it was not going to consider the motion. The following thereafter occurred:

1. The case is presently set for trial on Nov. 16, 2011.
2. Respondent needs a continuance:
    __X__ For additional time to retain a lawyer;
    _____ To obtain medical treatment;
    __X__ For business obligations;
    __X__ Other: (Specify) To prepare for trial after attorney withdrew.
3. This continuance is not sought for delay but that justice may be done. John Russell Coffman prays that the Court grant the Motion for Continuance.

The Court:            Okay. All right. Well, we—I'm not considering these motions because they were not—these other attorneys were not timely noticed, so we are going forward today.

Mr. Aronowitz:        Then I'm on the case; so, we're ready.

The record shows the trial court refused to consider John's motion for continuance because the other parties were not properly served.[7] The trial court did not address the merits of the motion, and John did not object to the trial court's refusal.

Likewise, on appeal, John solely argues the merits of his motion, but doesn't challenge the trial court's refusal to consider the motion because of the absence of proper notice. Inasmuch as John has not challenged the trial court's refusal, he has waived review on appeal. *See* TEX. R. APP. P. 33.1(a)(2); *Hightower v. Baylor Univ. Med. Ctr.*, 251 S.W.3d 218, 224–225 (Tex. App.—Dallas 2008, pet. struck.) (appellant failed to obtain ruling on motion for continuance and therefore failed to preserve error); *Mitchell v. Bank of Am., N.A.*, 156 S.W.3d 622, 626 (Tex. App.—Dallas 2004, pet. denied) (same).

Assuming, arguendo, that John did preserve his complaint for our review, the announcement of "ready" will waive a motion for continuance. *See In the Interest of E.C., Jr. and S.C.*, 28 S.W.3d 825, 828 (Tex. App.—Corpus Christi 2000, no pet.); *Reyna v. Reyna*, 738 S.W.2d 772, 775 (Tex. App.—Austin 1987, no writ). John's attorney's announcement of ready at trial waived his motion for continuance. We overrule John's first issue.

---

[7] Rule 21b of the Texas Rules of Civil Procedure states that "If any party fails to serve on or deliver to the other parties a copy of any . . . motion . . . in accordance with Rules 21 and 21a, the court may in its discretion, after notice and hearing, impose an appropriate sanction available under Rule 215-2b."

### III.    EXCLUSION OF WITNESSES

By his second issue, John challenges the trial court's exclusion of all his witnesses from trial.  Specifically, John argues that his failure to respond to Celeste's discovery request for the names and contact information of his witnesses was absolved by the fact that there was no surprise or prejudice to Celeste in allowing the witnesses to testify.

### A.    Unidentified Non-Party Witness Testimony

#### 1.    Error Preservation

If the trial court excludes the testimony of a witness, to challenge that ruling on appeal, the party must show that the excluded testimony was preserved by an offer of proof or a formal bill of exception.  *See* TEX. R. EVID. 103(a)(2) (West, Westlaw through 2013 3d C.S.).  Error cannot be predicated on the exclusion of evidence unless the substance of the evidence was made known to the court by an offer of proof.  *Ludlow v. DeBerry*, 959 S.W.2d 265, 269–270 (Tex. App.—Houston [14th Dist.] 1997, no writ).  When making an offer of proof, the attorney should make a concise statement of what testimony would be elicited from each witness.  *See In re N.R.C.*, 94 S.W.3d 799, 806 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).  Error is preserved by the trial court's explicit ruling that the evidence in the offer of proof is not admissible during trial. *See, e.g., Greenstein, Logan & Co. v. Burgess Mktg., Inc.*, 744 S.W.2d 170, 181 (Tex. App.—Waco 1987, writ denied) (error was not preserved because reporter's record did not show what evidence was refused).

6

### 2. Analysis

In the "legal analysis" portion of his brief, John argues that he submitted a "bill of exception" to show the potential testimony of his witnesses. John's bill of exception, however, contains only John's testimony from a previous hearing. It does not otherwise identify any particular non-party witness, and does not describe what testimony or evidence any such witness would have given. In short, John did not make an offer of proof to preserve any excluded witness testimony, aside from that of himself. Without the requisite offer of proof, we are unable to determine whether an erroneous exclusion, if any, resulted in harm. *See* Tex. R. Evid. 103(a)(2). We conclude that John failed to preserve this portion of his issue for review on appeal. *See McInnes v. Yamaha Motor Corp.*, 673 S.W.2d 185, 187 (Tex. 1984).

## B. John's Testimony

### 1. Standard of Review

We review the decision of the trial court to exclude testimony under an abuse of discretion standard.[8] *See Crescendo Inv. v. Brice*, 61 S.W.3d 465, 477–78 (Tex. App.— San Antonio 2001, pet. denied); *Southwestern Bell Tel. Co. v. Sims*, 615 S.W.2d 858, 862 (Tex. App.—Houston [1st Dist.] 1981, no writ). To obtain a reversal based on the exclusion of evidence, the appellant must first establish that the trial court erroneously

---

[8] To the extent that appellant urges us to apply a "best interest of the child" standard, we decline and instead apply the abuse of discretion standard. *See Crescendo Inv. v. Brice*, 61 S.W.3d 465, 477–78 (Tex. App.—San Antonio 2001, pet. denied). We note that appellant seemingly argues that the children's best interest will be better served through a lower monthly child support payment.

excluded the evidence.   *See* TEX. R. APP. P. 44.1(a); *McCraw v. Maris*, 828 S.W.2d 756, 757 (Tex. 1992).

### 2.    Applicable Law

A district court is permitted to make local rules.   *See* TEX. R. CIV. P. 3a. Montgomery County has enacted local rules to manage the court dockets sensibly, efficiently and fairly.   *See* 359th (Tex.) DIST. CT. LOC. R. (Montgomery County).   On its face, local rule 4.5 is a discovery rule used to aid the court in meeting the requirements of the Texas Family Code.[9]   *See id.* R. 4.5.   Local Rule 4.5 requires the parties to exchange inventories and financial information statements no later than thirty days before trial.   *See id.* R. 4.5(C).   Additionally, Local Rule 4.5 prohibits the non-complying party from contesting the accuracy of the information presented by the complying party.   *Id.* R. 4.5(D).

### 3.    Analysis

Contrary to his assertions, the trial court did not exclude John from testifying based on his failure to answer discovery requests.   Rather, pursuant to local rule 4.5, the trial court ruled that John was not allowed to present any evidence disputing Celeste's financial statements because John did not file a final financial information statement. *See id.*   The trial court stated that John's attorney could call John to testify on other issues.   However, as previously noted, John was not present at trial.

Because John does not challenge the local rules, we presume that the trial court was correct in applying them in this case.   We also note that the trial court took judicial

---

[9] The Family Code requires the court to calculate the net resources for the purposes of determining child support liability.   *See* TEX. FAM. CODE ANN. § 154.062 (West, Westlaw through 2013 3d C.S.).

notice of the entire divorce case, which included the previous hearing which John provided by transcript in his offer of proof. Therefore, John has failed to show that the trial court improperly excluded his testimony. *See* TEX. R. APP. P. 44.1(a); *McCraw*, 828 S.W.2d at 757. We overrule John's second issue.

## IV. INTERVENOR'S JUDGMENT

By his third issue, John argues the evidence is legally insufficient to support a judgment for Burke. Specifically, John argues that Burke breached their legal services contract without just cause, and is thus not entitled to a recovery. John also asserts that since there is a written contract, Burke may not recover on a theory of quantum meruit. In the alternative, John urges us to abate the case because the trial court did not make findings of fact and conclusions of law in support of its judgment in favor of Burke.

## A. Findings of Fact and Conclusions of Law

The trial court is required to file additional or amended findings and conclusions "that are appropriate" within ten days after the request for additional findings is filed. TEX. R. CIV. P. 298. Thus, if a party requests additional or amended findings on the ultimate issues raised by the pleadings and the evidence, and necessary to understanding the trial court's judgment, the trial court is required to prepare them. *See Nat'l Commerce Bank v. Stiehl*, 866 S.W.2d 706, 707 (Tex. App.—Houston [1st Dist.] 1993, no writ). A trial court is not required to make additional findings that are unsupported in the record, that are evidentiary, or that are contrary to other previous findings. *Buckeye Retirement Co., LLC v. Bank of Am., N.A.*, 239 S.W.3d 394, 402 (Tex. App.—Dallas 2007, no pet.). Furthermore, a trial court is required to enter additional findings only on ultimate or

controlling issues. TEX. R. CIV. P. 298. A controlling issue is whether the circumstances of the particular case would require an appellant to guess at the reasons for the trial court's decision. *See Elliott v. Kraft Foods N. Am., Inc.*, 118 S.W.3d 50, 54–55 (Tex. App.—Houston [14th Dist.] 2003, no pet.). Further, if the requested findings will not result in a different judgment, those findings need not be made. *Tamez v. Tamez*, 822 S.W.2d 688, 693 (Tex. App.—Corpus Christi 1991, writ denied).

Burke filed pleadings seeking attorney fees based upon theories of breach of contract, quantum meruit, and sworn account. During the trial, the record shows that she only moved forward on a breach of contract theory. John, however, requested additional findings only with respect to breach of contract and an unpleaded theory— "unjust enrichment." Since Burke only presented her case on the breach of contract, the trial court could only render judgment as to that particular cause of action. We find no evidence of injury to John due to the trial court's refusing his request for additional findings and conclusions. In particular, John was not prevented from adequately presenting his complaints on appeal due to the trial court's action. *See id.*

## B.    Judgment for Legal Fees

We review a legal sufficiency challenge by considering all of the evidence in the light most favorable to the prevailing party, indulging every reasonable inference in that party's favor. *Formosa Plastics v. Presidio Eng'rs*, 960 S.W.2d 41, 48 (Tex. 1998); *Norwest Mortgage, Inc. v. Salinas*, 999 S.W.2d 846, 853 (Tex. App.—Corpus Christi 1999, pet. denied). A legal sufficiency point may only be sustained when the evidence conclusively establishes the absence of a vital fact, the record discloses no more than a

mere scintilla of evidence to prove a vital fact, or the court is bound by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact. *Hines v. Comm'n for Lawyer Discipline*, 28 S.W.3d 697, 701 (Tex. App.—Corpus Christi 2000, no pet.).

The essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained as a result of the breach. *Valero Mktg. & Supply Co. v. Kalama Int'l.*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.). "A breach of contract occurs when a party fails or refuses to do something he has promised to do." *Mays v. Pierce*, 203 S.W.3d 564, 575 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).

John contends that Burke breached the employment contract by withdrawing from representation. However, no evidence was adduced at trial that Burke did any act that breached the contract, and the trial court granted Burke's agreed motion to withdraw. Moreover, Burke presented evidence of her hourly employment agreement, as well as testify regarding her skill and experience in practicing family law. She charged an hourly rate of $350 per hour in accordance with her agreement, and spent 43 hours working on the case. She introduced an itemized invoice into evidence that showed the outstanding fees and expenses, including court costs, filing fees, copies, and faxes. She testified that her fees were reasonable and necessary, and requested judgment for the balance owing that was not paid. On cross-examination she testified that the reason she withdrew was because of a lack of reasonable communication. Since John was not at

11

trial to testify, no controverting evidence was presented. In sum, the evidence is undisputed that Burke performed legal services and incurred expenses and that she was not paid for those legal services and expenses.

We conclude the evidence is legally sufficient to support Burke's attorney's fees under a breach of contract theory, and that no further findings and conclusions are required from the trial court. We need not reach John's remaining issue on quantum meruit. We overrule John's third issue.

## V. CONCLUSION

We affirm the judgment of the trial court.

GREGORY T. PERKES
Justice

Delivered and filed the
30th day of December, 2014.

12